# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| MICHAEL LYNN WATERS, | ) Case No. CV 17-09282-RGK (AS) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| SULLIVAN, Warden, | ) |
| Respondent. | ) |

**BACKGROUND**

On December 29, 2017, Michael Lynn Waters ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket Entry No. 1). Petitioner challenges his 1998 conviction for attempted murder, in the Los Angeles County Superior Court (Case No. TAO51029). The Petition alleges the following grounds for habeas relief: (1) "Newly discovered evidence where the Long Beach Superior Court just

transferred the Order to Show Cause."; (2) "Newly discovered evidence where trial judge's failure to speak with anyone on record concerning readback."; (3) "The Respondent cannot argue or use a motion to dismiss based on (second or successive) petition."; (4) "Newly discovered evidence where counsel wrote Petitioner and stated he read the withheld police report."; and (5) "Petitioner's due process right was violated by not having a complete transcript for direct appeal." (Petition at 5-6, Attachment at 1-12); .

On March 8, 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §§ 2254. See Michael Lynn Waters v. State of California, Case No. CV 16-01593-RGK (AS); Docket Entry No. 1. On August 30, 2016, the district court issued an Order and Judgment denying that habeas petition with prejudice (as untimely), in accordance with the findings, conclusions and recommendations of the Magistrate Judge. (Id.; Docket Entry Nos. 24, 27-28). On the same date, the district court denied Petitioner a Certificate of Appealability. (Id.; Docket Entry No. 29).

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

    (a) No circuit or district judge shall be required

to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657 (1996).

The instant Petition and the prior habeas action both challenge Petitioner's custody pursuant to the same 1998 judgment entered by the Los Angeles County Superior Court. Accordingly, the instant Petition, filed on December 29, 2017, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained in this case.

Moreover, the claims asserted in the instant Petition do not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claims are not based on

newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001). However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced."). Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, supra.

///
///
///
///
///
///
///
///
///

**ORDER**

Accordingly, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 5, 2018

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE